IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 2:23cr170 |
| | ) | **Electronic Filing** |
| **ANTONYO DEVON ANDERSON** | ) | |

## MEMORANDUM ORDER

AND NOW, this 23rd day of August, 2024, defendant having filed a motion to seal a motion to suppress evidence that he filed into the public docket and through which he seeks affirmative relief in the form of the suppression of evidence, IT IS ORDERED that [46] the motion to seal be, and the same hereby is, granted in part as follows:

1) the Clerk of Court shall remove public access to [38];

2) defendant shall submit for the court's review a redacted motion and a redacted brief in support, which shall be submitted as separate documents; and

3) after review and in the event the redacted documents comply with the stringent standards governing the sealing of information in a criminal case, the court will authorize defendant to file into the public record the redacted documents as proposed or as otherwise modified by the court.

In conjunction with the above, counsel is hereby advised that any aspect of the contemplated motion and brief that specifically is used by the court as a basis for affirmative relief or resolution of the matters raised will be maintained under seal only upon a showing that the information to be kept from the public record meets the stringent standards for maintaining materials under seal set forth in United States v. Criden, 648 F.2d 814, 820-21 (3d Cir. 1981) (the common law right of access gives rise to a strong presumption of access to materials

considered by the court in the discharge of its public functions); <u>United States v. Martin</u>, 746 F.2d 964, 968 (3d Cir. 1984) ("The common law right of access is not limited to evidence, but rather encompasses all 'judicial records and documents,' . . . [including] transcripts, evidence, pleadings, and other materials submitted by litigants . . . .'") (citations omitted); <u>Publicker Industries, Inc. v. Cohen</u>, 733 F.2d 1059, 1066-67 (3d Cir. 1984) (the First Amendment protects the same panoply of rights as the common law right of access); and <u>United States v. Smith</u>, 787 F.2d 111, 115 (3d Cir. 1986) ("we hold that the common law right of access to judicial records is fully applicable to transcripts of sidebar or chambers conferences during criminal trials at which evidentiary or other substantive rulings have been made, and that the district court did not err in ruling that the transcript of the sidebar conference should be disclosed because Doe did not demonstrate that the factors opposing access outweigh those favoring it."). Compliance with these stringent standards is a prerequisite to gaining the use of the court's authority to seal judicial documents or any portion thereof pursuant to which the party seeks affirmative relief.

<u>s/David Stewart Cercone</u>
David Stewart Cercone
Senior United States District Judge

cc:      Brendan James McKenna, AUSA
          Bradley G. Olson, Jr., Esquire

          United States Probation Office

          (*Via CM/ECF Electronic Mail*)