**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.   ) | 2:23cr170 |
| ) | **Electronic Filing** |
| **ANTONYO DEVON ANDERSON** ) | |

**MEMORANDUM OPINION**

Presently before the court is defendant's supplemental motion to suppress and dismiss the indictment. For the reasons set forth below, defendant's motion will be granted in so far as it seeks relief consistent with a reconvening of the October 4, 2024, hearing on defendant's motion to suppress for the purpose of reexamining Agent Hurst 1) regarding the March of 2023 recorded conversation between the confidential informant and defendant, 2) Agent Hurst's testimony at the October 4, 2024, hearing and/or before the grand jury regarding the same, and 3) any areas of the same that assertedly were impacted by the content of the recorded conversion.  The balance of the motion will be held in abeyance until that hearing has been conducted and the parties have had an opportunity to file supplemental submissions based thereon.

In September of 2021, the Bureau of Narcotics Investigation and Drug Control ("BNIDC") of the Pennsylvania Office of Attorney General interviewed a confidential informant (CI) who provided them with information about defendant's alleged facilitation of multiple shipments of large quantities of cocaine from Atlanta, Georgia, to Beaver County, Pennsylvania, for distribution in the Beaver County area. Charles Hurst ("Agent Hurst"), an agent in the BNIDC, became involved in the ensuing investigation.

In March of 2023, the CI participated in a "facetime" call with defendant. Agent Hurst was in the background and overheard the conversation between the CI and defendant.

Following the controlled call, on March 10, 2023, a Senior Deputy Attorney General of Pennsylvania applied for an order authorizing the disclosure of mobile communication tracking information, the installation of pen register/trap and trace device, and a telecommunication identification interception device for defendant's cellphone as part of an ongoing narcotics investigation. See ECF No. 41-1 at 14–20. Accompanying the application was a supporting affidavit from Hurst and Keith Girting ("Officer Girting"), a task force officer assigned to the BNIDC. Id. at 21–26 (hereinafter "Aff.").

Thereafter, on March 10, 2023, Judge Kim Tesla of the Court of Common Pleas of Beaver County issued the requested order pursuant to the Pennsylvania Wiretapping and Electronic Surveillance Control Act (hereinafter "Pennsylvania Wiretap Act"). See ECF No. 41-1 at 4–13. Following mobile surveillance, physical surveillance, a conversation with an additional confidential source, and a related walled-off stop, Agent Hurst applied for and was granted a search warrant for 130 Orchard Street, Aliquippa, Pennsylvania, a residence that was being used by defendant. On April 18, 2023, the search warrant was executed by law enforcement who seized $5,470.00 and two cell phones. Following the search, defendant admitted to selling six ounces of cocaine and fronting three ounces of cocaine earlier that day.

On August 1, 2023, Agent Hurst testified before a federal grand jury convened in the Western District of Pennsylvania. During his testimony, Agent Hurst described his roles as a narcotics agent and in the investigation of defendant. As part of this summary overview, Agent Hurst testified about his recollection of the controlled call. He was asked: "during a controlled call between the confidential informant and Mr. Anderson, did law enforcement learn that Anderson planned to return [to] Aliquippa in April of 2023 with cocaine for distribution?" to which he responded "that's correct."

Following the testimony, the grand jury returned the current one-count indictment against defendant, charging him with possession with intent to distribute and distribution of a quantity of cocaine, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C). Defendant was arrested on August 9, 2023. See ECF No. 67-1.

Defendant filed his pretrial motions on July 11, 2024, the government filed its response on July 23, 2024, and defendant filed his reply on July 31, 2024. See Doc. No 36-39; 41; 44. An evidentiary hearing on defendant's motion to suppress cell site location information and related motions took place on October 4, 2024. During this evidentiary hearing, Agent Hurst revealed that the March of 2023 facetime call had been recorded by law enforcement. This fact was previously unknown to either the Assistant United States Attorney handling the case or defense counsel and was not reported in any of the affidavits or other information used to obtain the warrant. Doc. No. 63 at ¶ 4 [SEALED]. The recording was in the possession of the Pennsylvania Office of the Attorney General. Upon the revelation of its existence, the government sought to obtain a copy without delay. Recently, the government was provided with the recording and disclosed it to defense counsel the next day. Doc. No. 68 at 8.

Defendant posits that the months-long delay in receiving the recorded call amounts to a violation of Brady and Giglio because it contains exculpatory evidence. He asserts that the late disclosure prejudices his ability to challenge the assertions made in the recording. Further, several of the statements made by Agent Hurst about the controlled call during his grand jury testimony purportedly are false and misleading. In this regard the grand jury never had a chance to hear the recording and defendant maintains that the recording is completely exculpatory and does not reflect the content that Agent Hurst claimed and presented in his grand jury testimony.

Therefore, defendant insists he has been prejudiced and demands dismissal of the indictment as a remedy.[1]

The government admits there was an unnecessary delay in providing the recorded call to the defense. Further, it concedes that defendant did not have an opportunity to question Agent Hurst about the recorded call. Notwithstanding these shortcomings, it argues that because defendant's motion to suppress cell site location information and related motions remain pending, reopening the evidentiary hearing so Agent Hurst can be further questioned and defendant can explore these areas and engage in cross examination is the appropriate first step in resolving defendant motion to dismiss for government misconduct.

As a preliminary matter, we will reopen the evidentiary hearing to permit defendant to prepare and question Agent Hurst about the recorded call. Following the reopening of hearing and an opportunity to question Agent Hurst, defendant must then demonstrate how the delayed disclosure of the evidence prejudiced him and misled the grand jury.

The Supreme Court has cautioned that society has an interest in the administration of criminal justice and any remedies selected for the violation of constitutional right are to be tailored to the actual injury suffered by the constitutional violation. United States v. Morrison, 449 U.S. 361, 364 (1981). And any remedy chosen by the court should avoid unnecessarily infringing on other competing interests. Id. In this regard the suppression of evidence or the ordering of a new proceeding are measures that often are more appropriate than a dismissal of the indictment. Id. at 364-65 (collecting cases); accord United States v. Kubini, 19 F. Supp.3d 579, 626 (W.D. Pa. 2014) ("It is well settled that dismissal of an indictment may only be ordered in narrow circumstances and upon a finding of willful prosecutorial misconduct which violates

---

[1] Defendant identifies other aspects of Hurst's testimony before the grand jury in support of his contention that sufficient government misconduct occurred, which in combination warrant the relief he seeks. These include testimony about the walled-off stop and the description of an area as a location known for drug trafficking.

4

the Due Process clause and causes prejudice to the defendant.") (citing Gov't of Virgin Islands v. Fahie, 419 F.3d 249, 255 (3d Cir. 2005) and United States v. Lashley, 524 F. Appx. 843, 846 (3d Cir. 2013) cert. denied, 571 U.S. 921 (2013)).

It is also firmly established that "[n]o denial of due process occurs if Brady material is disclosed to [a defendant] in time for its effective use at trial." United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983). So long as a defendant is afforded a meaningful opportunity to utilize the evidence, there can be no violation of due process. See generally id. And a district court has the general discretionary authority to order the pretrial disclosure of Brady material in order to ensure the effective administration of the criminal justice system. United States v. Giampa, 904 F. Supp. 235, 281 (D.N.J. 1995) (citations omitted).

Here, defendant's submissions to date fall far short of demonstrating the type of willful prosecutorial misconduct that can warrant the dismissal of an indictment. Cf. United States v. Nolan-Cooper, 155 F.3d 221, 231 (3d Cir. 1998) ("Though lacking in 'mathematical precision,' the 'shocking, outrageous, and clearly intolerable' standard provides sufficient guidance to courts attempting to assess whether particular government conduct is fundamentally unfair and thereby offends due process."). And the prejudice underlying defendant's supplemental motion – the inability to prepare and question Agent Hurst about the recording during the evidentiary hearing – can be at least partly remediated through the reconvening of the evidentiary hearing. Given these circumstances, dismissal of the indictment is unwarranted at this juncture.

For the reasons set forth above, defendant's motion will be granted in so far as it seeks relief consistent with a reconvening of the October 4, 2024, hearing on defendant's motion to suppress for the purpose of reexamining Agent Hurst 1) regarding the March of 2023 recorded conversation between the confidential informant and defendant, 2) Agent Hurst's testimony at the October 4, 2024, hearing and/or before the grand jury regarding the same, and 3) any areas of the

same that assertedly were impacted by the content of the recorded conversion. The balance of the motion will be held in abeyance until that hearing has been conducted and the parties have had an opportunity to file supplemental submissions based thereon. An appropriate order will follow.

Date: November 10, 2025

                                                s/David Stewart Cercone
                                                David Stewart Cercone
                                                Senior United States District Judge

cc:       Brendan James McKenna, AUSA
           Bradley G. Olson, Jr., Esquire

           (*Via CM/ECF Electronic Mail*)